UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

     - v. -                       :     **SEALED INFORMATION**

SCOTT BECKER,                     :     22 Cr. ___ ( )

          Defendant.              :     **22 CRIM 231**

- - - - - - - - - - - - - - - - x

## COUNT ONE
### (Racketeering Conspiracy)

The United States Attorney charges:

### The Archegos Enterprise

1. "The Archegos Enterprise" constitutes an enterprise as defined in Title 18, United States Code, Section 1961(4); that is, a group of entities and individuals associated in fact, consisting of SCOTT BECKER, the defendant; the founder of the family office known as "Archegos"; the Chief Financial Officer ("CFO") of Archegos; the head trader of Archegos; Archegos Fund, LP; Archegos Capital Partners, LLC; Archegos Capital Management, LP, and its employees; and Archegos Capital, LLC, and others known and unknown. The Archegos Enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise. The Archegos Enterprise operated in the Southern District of New York and elsewhere. The Archegos Enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## The Racketeering Conspiracy

2. From at least in or about 2020, up to and including in or about March 2021, in the Southern District of New York and elsewhere, SCOTT BECKER, the defendant, the founder of Archegos, the CFO of Archegos, the head trader of Archegos, and others known and unknown, being persons employed by and associated with the Archegos Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Archegos Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple:

    a. Offenses involving fraud in the sale of securities, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5;

    b. Offenses involving fraud in the sale of securities, in violation of Title 18, United States Code, Section 1348; and

c. Acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud).

3. It was a part of the conspiracy that the defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

Purposes of the Racketeering Conspiracy

4. The principal purpose of the racketeering conspiracy was to manipulate the prevailing prices of certain securities held in the Archegos Enterprise's investment portfolio.

5. A further purpose of the racketeering enterprise was to obtain trading capacity, brokerage relationships, and specific margin rates through false and misleading statements to banks and brokerage.

6. A further purpose of the racketeering conspiracy was to maintain and increase the industry standing, public reputation, and wealth of the Enterprise, generally, and its leader specifically.

7. A further purpose of the racketeering conspiracy was to conceal the defendants' criminal conduct from the marketplace and from counterparties.

Means and Methods of the Racketeering Conspiracy

8. SCOTT BECKER, the defendant, the founder of Archegos, the CFO of Archegos, and the head trader of Archegos

sought to advance the purposes of the racketeering conspiracy, and to conduct and participate, directly and indirectly, in the conduct of the Archegos Enterprise, through various unlawful means and methods, including:

    a.    Co-conspirators of BECKER caused the Archegos Enterprise to amass significant market power in certain publicly traded securities and deployed that market power using assorted trading techniques intended to manipulate the prevailing prices of those securities.

    b.    BECKER and others obtained trading capacity, brokerage relationships, and specific margin rates through false and misleading statements to banks and brokerages.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Securities Fraud)

The United States Attorney further charges:

9. From at least in or about 2020, up to and including at least in or about March 2021, in the Southern District of New York and elsewhere, SCOTT BECKER, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails and of the facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by:

(a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, BECKER engaged in a scheme to defraud Archegos's counterparties through false and misleading statements regarding aspects of Archegos's business, portfolio, and assets.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5;
and Title 18, United States Code, Section 2.)

## COUNT THREE
### (Wire Fraud)

The United States Attorney further charges:

10. From in or about 2020, up to and including in or about March 2021, in the Southern District of New York and elsewhere, SCOTT BECKER, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, BECKER engaged in a scheme to defraud Archegos's counterparties of their rights to control their assets,

5

and thereby exposed Archegos's counterparties to risk of economic harm, by false and misleading statements regarding aspects of Archegos's business, portfolio, and assets, including through interstate wires.

(Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATIONS**

FORFEITURE ALLEGATION AS TO COUNT ONE

11. As a result of committing the offense alleged in Count One of this Information, SCOTT BECKER, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963,

   a. any interest acquired or maintained in violation of Section 1962;

   b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise BECKER and his co-conspirators established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and

   c. any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity charged in Count One.

## FORFEITURE ALLEGATION AS TO COUNTS TWO AND THREE

12. As a result of committing the offenses alleged in Counts Two and Three of this Information, SCOTT BECKER, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21, United States Code, Section

853(p), and Title 28, United States Code Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

    (Title 18, United States Code, Section 981(a)(1)(C);
       Title 21, United States Code, Section 853(p);
       Title 28, United States Code, Section 2461.)

*[signature: Damian Williams]*
DAMIAN WILLIAMS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SCOTT BECKER,

Defendant.

INFORMATION

22 Cr. \_\_\_ ( )

(15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.10b-5;
18 U.S.C. §§ 1343, 1962(d), and 2.)

DAMIAN WILLIAMS
United States Attorney