UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

22 CRIM 231

------------------------------------- X

UNITED STATES OF AMERICA

-v-

SCOTT BECKER,

Defendant.

**\*\*REQUEST TO BE FILED UNDER SEAL\*\***

**AFFIRMATION AND APPLICATION**

22 Cr. ___ (LTS)

------------------------------------- X

MATTHEW PODOLSKY hereby affirms, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an Assistant U.S. Attorney in the office of Damian Williams, United States Attorney for the Southern District of New York, and I am familiar with this matter. By this Affirmation and Application, the Government applies for an order of the Court directing that filings and other docket entries in the above-captioned case be filed under seal, and that the case be captioned *United States v. John Doe* in the public docket.

2. On April 21, 2022, SCOTT BECKER, the defendant, is expected to plead guilty to an information charging him in three counts with: (i) racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d); (ii) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5; and Title 18, United States Code, Section 2; and (iii) wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2.

3. BECKER is expected to plead guilty pursuant to a cooperation agreement with the Government. Based in part on BECKER's assistance, the Government soon expects to decide whether or not to seek a sealed indictment against other targets of the investigation. If the

Government chooses to seek such an indictment, the Government anticipates that the other targets will be arrested in the near future.

4. Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to protect, among other things, a cooperating defendant's safety, or to further ongoing law enforcement efforts. *See United States v. Cojab*, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming Sealing Order); *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); *see also* Fed. R. Crim. Pro. 49.1(d) & (e) and advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and that in such cases the applications themselves and related notes to the docket could be sealed. *See United States v. Alcantara*, 396 F.3d 189, 200 n.8 (2d Cir. 2005).

5. The Government respectfully submits that compelling law enforcement interests support the requested relief in this case. Exposure of the defendant's cooperation would jeopardize ongoing operations and investigations, including any plans that may be made to arrest other targets of the investigation. Exposure of the defendant's cooperation could lead the targets of the investigation to flee the jurisdiction or to attempt to tamper with evidence or witnesses. Indeed, at least one of the targets has significant economic resources, and business and personal connections overseas, and so has the means and opportunity to flee if he desired.

6. The Government does not seek to keep these proceedings sealed indefinitely. Rather, the Government anticipates that the filings in this case will be unsealed

following the arrest of the other targets of the investigation or upon a decision not to pursue charges against other targets in the investigation.

7. Accordingly, the Government requests that filings and other docket entries in the above-captioned case, including this Affirmation and any order issued in connection with it, be filed under seal, and that the case be captioned *United States v. John Doe* in the public docket, until further order of the Court. No prior request for the relief set forth herein has been made, and defense counsel has consented to this application.

Dated: New York, New York
April 21, 2022

Matthew Podolsky
Assistant United States Attorney
(212) 637-1947