

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Jason Brown
212 957 7609
jbrown@cohengresser.com

August 18, 2025

**VIA EMAIL**                                              **MEMO ENDORSED**

The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *United States v. Scott Becker*, 22 Cr. 231 (LTS)

Dear Chief Judge Swain:

On behalf of our client, Scott Becker, we respectfully submit this application to file redacted versions of Scott's sentencing memorandum and accompanying exhibits in accordance with Rule B.4. of Your Honor's Individual Practices. The government consents to this request.

Federal Rule of Criminal Procedure 49.1(d) provides that "a court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."

A court's consideration of a request to seal materials is governed by the three-step framework articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Courts first determine "that the documents at issue are indeed judicial documents," to which "a common law presumption of access attaches." *Id.* at 119 (internal quotation marks and citation omitted). If the documents are judicial documents, the court then "must determine the weight of that presumption." *Id.* Third, the court must "balance competing considerations against" that presumption. *Id.* at 120.

Under the first step, "sentencing submissions are judicial documents." *United States v. Greenwood*, No. 23-7432, --- F.4th --- , 2025 WL 2101302, at *4 (2d Cir. July 28, 2025).



The Honorable Laura Taylor Swain
August 18, 2025
Page 2

      Next, courts consider how much weight to give to the presumption of access, which "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Although "the government and public all have a right to know what information influences a judicial assessment of reasonable punishment . . . the rights of access are not absolute." *United States v. Strevell*, No. 05 Cr. 477 (GLS), 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009).

      "[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it,'" including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal citation omitted). "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051. For example, "there is a recognized privacy interest in medical records, although that privacy right is neither fundamental nor absolute." *United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006). Moreover, "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050 (internal citations omitted); *accord United States v. Gatto*, No. 17 Cr. 686 (LAK), 2019 WL 4194569, at *6 (S.D.N.Y. Sept. 3, 2019)

      Here, as detailed below, the substance of the proposed redactions consists entirely of medical or personal information regarding "innocent third parties," which courts and/or Federal Rule of Criminal Procedure 49.1 permit sealing in the context of sentencing submissions. *See, e.g.*, *Strevell*, 2009 WL 577910, at *4 ("Numerous courts have found privacy interests worthy of protection such as business and financial records, account information, personal identifiers, third-party letters of support, and family matters such as medical conditions or embarrassing conduct with no public ramifications.") (citing cases).

      **First**, we propose redacting all but the first letter of the names of minor children, as required under Federal Rule of Criminal Procedure 49.1(a)(3).

      **Second**, we propose redacting medical information relating to Scott's wife and child, as well as medical information relating to a friend of Scott's. *See, e.g.*, *Amodeo*, 71 F.3d at 1051 ("[F]amily affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public."); *United States v. King*, No. 10 Cr. 122 (JGK), 2012 WL 2196674, at *3 (S.D.N.Y. June 15, 2012) ("[T]he sentencing submissions should be redacted to avoid disclosure of records containing medical information regarding the defendant's daughter and parents.").



***Third***, we propose redacting the home addresses, email addresses, and cell phone numbers of Scott's friends and family who wrote letters in support of his sentencing memorandum.  *See United States v. Johnson*, No. 16 Cr. 457-1 (NGG), 2018 WL 1611371, at *2 (E.D.N.Y. Apr. 3, 2018) (granting defendant's request to redact "contact information" of individuals who wrote letters in support of his sentencing memorandum); Fed. R. Crim. P. 49.1(a)(5) (requiring party to provide only the city and state of an individual's home address).

Our proposed redactions are set forth below:

- Scott's minor son's name and his cousin's minor daughter's name.  (S. Becker Sentencing Memorandum at 12, 13, 14, 25, 26, 29, 32; Ex. 1 at 2; Ex. 3 at 2; Ex. 7 at 2; Ex. 8 at 2–5; Ex. 9 at 2; Ex. 11 at 1.)

- Medical information relating to third parties (S. Becker Sentencing Memorandum at 12, 15, 26, 27–28; Ex. 8 at 2–5; Ex. 13 at 2.)

- Personal identifying information, including home addresses, email addresses, and cell phone numbers belonging to Scott's friends and family.  (Ex. 2 at 1; Ex. 6 at 1; Ex. 12 at 1; Ex. 13 at 1; Ex. 14 at 1.)

For the reasons explained above, we respectfully request that the court grant our application to file redacted versions of Scott's sentencing memorandum and accompanying exhibits.

Respectfully Submitted,

/s/ *Jason Brown*

Jason Brown

The foregoing request to redact and file under seal portions of Mr. Becker's sentencing memorandum and its accompanying exhibits that contain sensitive information is granted to protect the legitimate privacy interests of the individuals involved.  Counsel shall file a redacted version of Mr. Becker's submission on ECF promptly.

To effectuate sealing, counsel for Mr. Becker is directed to promptly bring a complete, unredacted copy of the sentencing submission to the Court's Records Management Department (500 Pearl Street, Room 370) to be filed under seal, along with a copy of this Order.

This order resolves docket entry no. 57.  SO ORDERED.

/s/ Laura Taylor Swain, Chief U.S.D.J.
Dated: August 19, 2025