AO 245B (Rev. 09/19)  Judgment in a Criminal Case    (Form modified within District on October 3, 2024)
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| SCOTT BECKER | ) | Case Number: 1: 22CR0231-01 (LTS) |
| | ) | USM Number: 97185-509 |
| | ) | Jason Brown, Esq. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   One, Two, and Three

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1962(d) | Racketeering Conspiracy | 4/21/2022 | 1 |
| 15 USC 78j(b) and 78ff; 17 CFR 240.10b-5; | Securities Fraud | 4/21/2022 | 2 |

The defendant is sentenced as provided in pages 2 through   9   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)   Any remaining counts   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/3/2025
Date of Imposition of Judgment

/s/ Laura Taylor Swain
Signature of Judge

Laura Taylor Swain, Chief U.S.D.J.
Name and Title of Judge

9/5/2025
Date

DEFENDANT: SCOTT BECKER
CASE NUMBER: 1: 22CR0231-01 (LTS)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2 | | | |
| 18 USC 981(a)(1)(C); | Wire Fraud | 4/21/2022 | 3 |
| 21 USC 853(p); | | | |
| 28 USC 2461 | | | |

DEFENDANT: SCOTT BECKER
CASE NUMBER: 1: 22CR0231-01 (LTS)

Judgment — Page 3 of 9

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**TIME SERVED as to Counts One (1), Two (2), and Three (3)**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 4 of 9

DEFENDANT: SCOTT BECKER
CASE NUMBER: 1: 22CR0231-01 (LTS)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 years of supervised release as to Counts One (1), Two (2), and Three (3) to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page __5__ of __9__

DEFENDANT: SCOTT BECKER
CASE NUMBER: 1: 22CR0231-01 (LTS)

## ADDITIONAL SUPERVISED RELEASE TERMS

Defendant must provide the probation officer with access to any requested financial information. Defendant may not incur new credit charges or open additional lines of credit without the approval of the probation officer unless Defendant is in compliance with the installment payment schedule.

Defendant must pay restitution in the amount of $1,568,253,586 (one billion five-hundred sixty-eight million two hundred fifty-three thousand five-hundred eighty-six dollars). Specifically, Defendant will make such restitution, in accordance with 18 U.S.C. section 3663 and 3663A, payable to the Clerk, U.S. District Court of the Southern District of New York. This restitution is to be paid jointly and severally with co-defendant William Tomita (No. 22-cr-231-02-LTS) and Sung Kook Hwang and Patrick Halligan (No. 22-cr-240-AKH). The requirement of interest accrual on your obligation under 18 U.S.C. Section 3612(£)(3) is waived in light of the magnitude of the restitution obligation.

Defendant shall commence monthly installment payments upon conclusion of all appeals in the Hwang Matter in an amount equal to 10 percent of your gross income during the prior month, due on the 5th day of each month thereafter, including during any period that Defendant is in custody. Except as provided in the restitution order, this payment schedule is without prejudice to the Government taking enforcement actions pursuant to 18 U.S.C. sections 3613 and 3664(m)(l)(A). [As provided in the restitution order, Defendant's restitution payment obligation is joint and several with those imposed on co-defendant William Tomita (No. 22-cr-231-02-LTS) and Sung Kook Hwang and Patrick Halligan (no. 22-cr-240-AKH).] The collection of amounts unpaid after the defendant has completed supervised release will be administered by the U.S. Attorney's Office's collection unit.

Defendant must inform the Probation Office of any change in financial circumstances as well as notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution or special assessment remains unpaid.

Defendant is ordered to forfeit to the United States $629,753, which represents the proceeds of his criminal activity.

Defendant is to be supervised by his district of residence.

DEFENDANT: SCOTT BECKER
CASE NUMBER: 1: 22CR0231-01 (LTS)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 1,568,253,586 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk, U.S. District Court of the Southern District of New York | $9,386,536,732.93 | $1,568,253,586.00 | |

| **TOTALS** | $ 9,386,536,732.93 | $ 1,568,253,586.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☑ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19) Case 1:22-cr-00231-LTS  Document 65  Filed 09/12/25  Page 7 of 9
Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page 7 of 9

DEFENDANT: SCOTT BECKER
CASE NUMBER: 1: 22CR0231-01 (LTS)

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Defendant must pay restitution in the amount of $1,568,253,586 (one billion five-hundred sixty-eight million two hundred fifty-three thousand five-hundred eighty-six dollars). Specifically, Defendant will make such restitution, in accordance with 18 U.S.C. section 3663 and 3663A, payable to the Clerk, U.S. District Court of the Southern District of New York. This restitution is to be paid jointly and severally with co-defendant William Tomita (No. 22-cr-231-02-LTS) and Sung Kook Hwang and Patrick Halligan (No. 22-cr-240-AKH). The requirement of interest accrual on your obligation under 18 U.S.C. Section 3612(£)(3) is waived in light of the magnitude of the restitution obligation.

Defendant shall commence monthly installment payments upon conclusion of all appeals in the Hwang Matter in an amount equal to 10 percent of your gross income during the prior month, due on the 5th day of each month thereafter, including during any period that Defendant is in custody. Except as provided in the restitution order, this payment schedule is without prejudice to the Government taking enforcement actions pursuant to 18 U.S.C. sections 3613 and 3664(m)(l)(A). [As provided in the restitution order, Defendant's restitution payment obligation is joint and several with those imposed on co-defendant William Tomita (No. 22-cr-231-02-LTS) and Sung Kook Hwang and Patrick Halligan (no. 22-cr-240-AKH).] The collection of amounts unpaid after the defendant has completed supervised release will be administered by the U.S. Attorney's Office's collection unit.

DEFENDANT: SCOTT BECKER
CASE NUMBER: 1: 22CR0231-01 (LTS)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 300.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| 1: 22CR231-02<br>William Tomita | 9,386,536,732.93 | 1,568,253,586.00 | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: SCOTT BECKER
CASE NUMBER: 1: 22CR0231-01 (LTS)

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| 1:22CR240-01<br>Sung Kook Hwang | $9,386,536,732.93 | $1,568,253,586.00 | |
| 1:22CR240-02<br>Patrick Halligan | $9,386,536,732.93 | $1,568,253,586.00 | |